IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROGER W. HENDERSON | § | |
| | § | |
| V. | § | A-06-CA-290-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); and Petitioner's responses thereto (Documents 10, 16, 17, and 18). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

### STATEMENT OF THE CASE

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause number 7976, styled <u>The State of Texas v. Wallace Roger Henderson</u>. Petitioner received a 25-year

sentence for burglary of a building. On October 12, 2000, Petitioner was released on parole. Subsequently, Petitioner was convicted of another offense, and his parole was revoked on September 23, 2004, after a hearing. Petitioner does not challenge his holding conviction. Rather, he challenges the revocation of his parole.

Petitioner challenged the revocation of his parole in a state application for habeas corpus relief. Petitioner filed his state application on June 10, 2005. Ex parte Henderson, Appl. No. 27,985-03 at 2. The Texas Court of Criminal Appeals denied the application without written order on January 4, 2006. Id. at cover.

**B.    Petitioner's Grounds for Relief**

Petitioner argues he was denied the right to confront adverse witnesses or adverse information introduced at his parole revocation hearing.

## DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

The Fifth Circuit has held that, because a federal habeas court only reviews the reasonableness of the state court's ultimate decision, the AEDPA inquiry is not altered when state habeas relief is denied without an opinion. Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003) (citing Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001), cert. denied, 535 U.S. 982, 122 S. Ct. 1463 (2002); Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) ("It seems clear to us that a federal habeas court is authorized by 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."), cert. denied, 537 U.S. 1104, 123 S. Ct. 963 (2003)). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

B.     **Parole**

In Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), the Supreme Court set out the minimum requirements of due process with regard to parole revocation. The Court mandated preliminary and final revocation hearings. The Court held that at the preliminary hearing, a parolee is entitled to notice of the alleged violations of parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing. Id. at 487, 92 S. Ct. at 2603. The Court held that the minimum requirements of due process at the final hearing include very similar elements:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Id. at 489, 92 S. Ct. at 2604. The Court stated a "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," but then went on to state "[a] lapse of two months . . . would not appear to be unreasonable." Morrissey, 408 U.S. at 488, 92 S. Ct. at 2603-04.

The Morrissey decision involved a parole revocation situation different from that presented in Petitioner's case. Morrissey involved an "administrative proceeding[] in which revocation was at the discretion of the relevant decision maker" and did not consider a situation in which "the factfinder was required by law to order incarceration upon finding that the defendant had violated a condition of parole or probation." Black v. Romano, 471 U.S. 606, 612, 105 S. Ct. 2254, 2258 (1985). When faced with a challenge by a federal prisoner to the elimination of a preliminary

revocation hearing under the 1976 Parole Act because the prisoner had been convicted of and incarcerated on a subsequent offense, the Supreme Court had already determined that, in such a situation, a Morrissey-type preliminary hearing was not required by the due process clause of the Fourteenth Amendment. Moody v. Daggett, 429 U.S. 78, 85-86, 86 n.7, 97 S. Ct. 274, 278 & n.7 (1976). The Court considered the preliminary hearing required by Morrissey was "bottomed on the parallel interests of society and the parolee in establishing whether a parole violation has occurred and, if so, whether under all the circumstances the quality of that violation calls for parole revocation." Id. at 86, 97 S. Ct. at 278. When a subsequent conviction had been received, there was no need for a preliminary hearing because "the subsequent conviction obviously gives the parole authority probable cause or reasonable ground to believe that the . . . parolee has committed acts that would constitute a violation of parole conditions." Id. at 86 n.7, 97 S. Ct. at 278 n.7.

Petitioner admits he had a final parole revocation hearing on September 23, 2004, after he had been convicted of Assault with Bodily Injury on September 9, 2004, in Williamson County. He argues he was denied due process at the revocation hearing, because no witnesses were presented on behalf of the State. Rather, he explains Parole Officer Denise Rainer was appointed for the parole hearing only. Petitioner asserts she submitted adverse documents and statements over which she had no personal knowledge. As such, Petitioner contends he was not able to cross-examine her even though she recommended that Petitioner's parole be revoked.

According to Petitioner, Parole Officer Veronica Serena was appointed to his case on June 2, 2004, after his arrest on June 1, 2004, for Assault with Bodily Injury. Serena was not present at the parole revocation hearing because of a scheduling conflict. Therefore, Rainer presented the parole hearing officer with Serena's affidavit and Adjustment Statement. The affidavit provided as follows:

> I WAS ASSIGNED TO SUPERVISE HENDERSON, ROGER, TDCJ # 649974 ON OR ABOUT 6-02-04.
>
> On 4-09-03 while at the Austin I DPO, Parole Officer Raul Rivera instructed offender Roger Henderson to not unlawfully use drugs, narcotics, or controlled substances. On 4-14-04, offender Roger Henderson tested positive for cocaine. Upon revision of Parole Officer A L Dominguez's chronological notes in the file, I did not find any sanctions taken by officer Dominguez to address the positive UA.

The Adjustment Statement listed Petitioner's criminal history and employment information and noted Petitioner recently was charged with assault in Bastrop and Williamson Counties against his girlfriend, he had a positive UA for cocaine on April 14, 2004, and he failed to attend Narcotics Anonymous. The Adjustment Statement also included information regarding Petitioner's arrests since his release from prison. It appears from the statement that Petitioner was sent to an Intermediate Sanctions Facility ("ISF") on July 11, 2002, after failing to report to his parole officer, and he was returned to the ISF on June 12, 2003, because he had a positive UA and admitted to drug use. The Adjustment Statement also included other reported violations of parole. At the conclusion of the statement, Serena recommended the revocation of Petitioner's parole. Petitioner maintains the Adjustment Statement contains false information.

Petitioner asserts an information regarding the Assault with Bodily Injury charge from Williamson County signed by E.W. Bolton, Assistant County Attorney of Williamson County, a police report made by Eric Mount, and a violation report written by Serena were also introduced at the parole revocation hearing.[2] Petitioner asserts both Serena and Mount were subpoenaed to testify at the parole revocation hearing, but both failed to appear.

---

[2] Petitioner has not provided the Court with a copy of these documents.

According to Petitioner, he testified at the hearing. Petitioner admitted to hitting Janette Hallavoet, his girlfriend, once with a belt and grabbing her arms. However, he explains he did this to protect himself from her attack on him on May 30, 2004. Hallavoet also testified at the hearing. According to Petitioner, she stated she attacked Petitioner with a number of objects on May 30, 2004, and Petitioner only tried to protect himself. Petitioner asserts her testimony was contrary to Mount's police report read into the record by the hearing officer. Petitioner further asserts Hallavoet denied ever talking to Serena despite Serena's violation report indicating that Serena spoke to Hallavoet on June 2, 2004, where Hallavoet stated, if Petitioner was ever released from custody he would kill her. According to Petitioner, Hallavoet denied making such statement. Petitioner argues his right to confrontation was violated because Serena and Mount failed to testify at the hearing.

The defendant's rights in a revocation hearing include a qualified right to confront and cross-examine adverse witnesses. The confrontation of a particular witness may be disallowed upon a finding of good cause. In its determination whether good cause exists, courts must employ a balancing test which weighs the defendant's interest in the confrontation of a particular witness against the government's interest in the matter. A critical consideration is the indicia of reliability of the challenged evidence. United States v. Grandlund, 71 F.3d 507, 510 (5th Cir. 1996).

The parole hearing records do not include a finding of good cause for the absence of any proposed witness. However, in Petitioner's case, Petitioner's parole was revoked based the assault committed on May 30, 2004. The assault conviction was proven by the judgment and sentence filed in Williamson County on September 9, 2004.[3] The hearing officer did not find Petitioner guilty of

---

[3] Petitioner falsely claims the Williamson County trial court dismissed the charges against him prior to his jury trial on September 7, 2004. Petitioner relies on a proposed order dated September 7, 2002, signed by the trial judge. The order is dated two years prior to the trial date and

any other alleged violation.  Therefore, Petitioner has not been harmed by the admission of objectionable evidence.

A court cannot not grant habeas relief unless the error at issue "had substantial and injurious effect or influence in determining" the proceeding's outcome. Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S. Ct. 1710, 1714 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); accord Calderon v. Coleman, 525 U.S. 141, 119 S. Ct. 500, 503 (1998) ( per curiam); California v. Roy, 519 U.S. 2, 5, 117 S. Ct. 337, 338, (1996); Harris v. Warden, Louisiana State Penitentiary, 152 F.3d 430, 437 (5th Cir. 1998); Woods v. Johnson, 75 F.3d 1017, 1026 (5th Cir. 1996).  As such, the Court cannot conclude that the State's failure to produce Serena or Mount as hearing witnesses or the admission of objectionable evidence contributed to the revocation decision.  See Woods, 75 F.3d at 1026 ("[U]nder Brecht, a constitutional trial error is not so harmful as to entitle a defendant to habeas relief unless there is more than a mere reasonable possibility that it contributed to the verdict.").  The Court cannot say that the absence of the testimony sought by Petitioner or the inclusion of evidence objected to by Petitioner substantially affected or influenced the Parole Board's decision to revoke Petitioner's parole.  Any error resulting from Petitioner's inability to have Serena or Mount testify or the inclusion of objectionable evidence was harmless. Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence in denying Petitioner's request for habeas corpus relief.

---

was never filed with the Clerk of Court.  Petitioner's contention that the trial court lost all jurisdiction over his case is simply without merit.

## **RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of November, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE